KAVANAUGH, Circuit Judge,
dissenting:
The Resource Conservation and Recovery Act of 1976 grants EPA authority to regulate the generation, storage, transport, treatment, and disposal of “hazard *555 ous waste.” As relevant here, the statute provides that hazardous waste must be “discarded material.” 42 U.S.C. § 6903(5), (27). In 1985, EPA issued regulations that construe “discarded material” to include certain “spent material.” See 40 C.F.R. § 261.2. A material is “spent” if it is no longer suitable for “the purpose for which it was produced.” Id. § 261.1(c)(1). A separate regulation makes clear that “purpose,” though singular, can include multiple purposes. See id. § 260.3(b).
The key issue in this EPA enforcement action concerns the 1985 regulations’ phrase “purpose[s] for which [a material] was produced.” The material at issue here — liquid potassium hydroxide — is produced and marketed for, among other things, use in fertilizer. Yet EPA seeks to impose fines on Howmet for shipping liquid potassium hydroxide for use in fertilizer simply because Howmet had already used the potassium hydroxide as a metal cleaning agent. In justifying its enforcement action, EPA claims that the “purpose for which [a material] was produced” includes only the material’s first use by the purchaser.
In my judgment, EPA’s argument mangles the language of the 1985 regulations. As a matter of plain English, the purposes for which a material is produced are not limited to how the material is initially used by a purchaser. As Howmet cogently argues, “the first use that is made of a material after the material is produced simply cannot define or change the purpose for which the material was previously produced.” Howmet Reply Br. at 5. To be sure, EPA would prevail here if the 1985 regulation said that “spent material” is material that is re-used. But the regulation does not say anything like that. EPA’s current interpretation of the 1985 regulations in effect deletes the word “produced” and substitutes the words “first used.” EPA’s current interpretation is flatly inconsistent with the text of its 1985 regulations. To me, this case begins and ends with that rather simple point.
Courts must not “permit the agency, under the guise of interpreting a regulation, to create de facto a new regulation.” Christensen v. Harris County, 529 U.S. 576, 588, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000). That’s what EPA is attempting to do here. EPA is seeking to expand the definition of spent material — and thereby enlarge its regulatory authority. It may be that broader EPA regulatory authority in this area would be wise as a policy matter. But EPA may not obtain that authority by distorting the terms of the 1985 regulations.
What’s more, EPA’s current interpretation contravenes EPA’s explicit statement in the preamble to the 1985 regulations— namely, that it was not extending its regulatory authority to “situations where a material can be used further without being reclaimed, but the further use is not identical to the initial use.” Hazardous Waste Management System; Definition of Solid Waste, 50 Fed.Reg. 614, 624 (Jan. 4, 1985). EPA now wants to read the 1985 regulations to allow it to regulate precisely what the preamble said it could not regulate.
Of course, there is good reason the 1985 regulations did not go as far as EPA now wants to. Doing so would violate the text of RCRA, the governing statute, which as relevant here confines EPA’s authority to regulation of “discarded material.” We have held that Congress intended the term “discarded material” to carry its “ordinary, plain-English meaning” — namely, to cover only material that is “disposed of, thrown away, or abandoned.” American Mining Cong. v. EPA, 824 F.2d 1177, 1184-85, 1190 (D.C.Cir.1987); see also Ass’n of Battery Recyclers, Inc. v. EPA, 208 F.3d 1047, 1051 (D.C.Cir.2000). EPA’s current extension of its RCRA jurisdiction to reach ma *556 terials that, far from being disposed of, abandoned, or thrown away, are being used as anticipated disregards Congress’s decision to restrict EPA’s authority to regulation of “discarded material.” In our Court, Howmet has raised a challenge based only on the 1985 regulations, not on RCRA, so there is no basis here for further exploring the statutory boundaries. But in light of today’s decision, we may have to consider in a future case whether EPA’s expansion of its regulatory authority transgresses RCRA’s limits.
I would reject EPA’s interpretation of its 1985 regulations as contrary to the clear language of the regulations. Even assuming the regulations are susceptible to a range of reasonable readings, EPA’s interpretation is outside that range. See Auer v. Robbins, 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997). I respectfully dissent.